IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-341-D
No. 5:14-CV-390-D

| | |
|---|---|
| BILLY CHARLES BURGESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

On July 9, 2014, Billy Charles Burgess ("Burgess") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 258-month sentence [D.E. 81]. On November 4, 2014, the United States ("government") moved to dismiss Burgess's section 2255 motion [D.E. 85]. On December 11, 2014, Burgess filed a response [D.E. 90]. As explained below, the court grants the government's motion to dismiss Burgess's section 2255 motion and dismisses Burgess's section 2255 motion.

I.

On November 12, 2008, a federal grand jury in the Eastern District of North Carolina charged Burgess with four counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (counts one through four), three counts of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) (counts five through seven), and one count of possession of child pornography in violation of 18 U.S.C. 2252(a)(4)(B) (count eight). See Indictment [D.E. 1]. When Burgess was indicted federally, he was a fugitive from North Carolina authorities, who had discovered that Burgess had been in contact with a confidential source in Florida, was seeking to engage in sexual

activity with a minor in Florida, and had sent child pornography from North Carolina to the confidential source in Florida. See Presentence Investigation Report ("PSR") [D.E. 48] ¶¶ 8, 11–12. Moreover, North Carolina authorities had obtained a search warrant for Burgess's residence and computer and discovered child pornography on Burgess's computer and on one of Burgess's compact discs. See id. ¶ 10. Burgess engaged in this conduct less than three years after serving a 30-month federal prison sentence for attempted enticement of a juvenile to engage in sexual acts and interstate transportation of child pornography. See id. ¶¶ 9, 16.

On April 14, 2011, Burgess was arrested in Las Vegas, Nevada pursuant to the 2008 federal arrest warrant from North Carolina. See id. ¶¶ 12, 14. When arrested, authorities seized his computer. See id. A forensic examination of the computer revealed multiple images of child pornography and an image of Burgess engaging in prohibited sexual conduct with a 12-year old female in November 2008. See id.

On January 9, 2012, Burgess pleaded guilty in this court, pursuant to a written plea agreement [D.E. 42], to count one of the 2008 indictment. See Rule 11 Tr. [D.E. 69] 14–15. On July 25, 2012, the court held Burgess's sentencing hearing. See Sentencing Tr. [D.E. 76]. The court overruled Burgess's objections to the PSR and found the advisory guideline range to be 210 to 262 months' imprisonment. See id. 5–9. The court then granted the government's substantial assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). See id. 10–12. By granting the substantial assistance motion under section 3553(e), the court was authorized to sentence Burgess below the 180-month mandatory minimum. See id. 20. The court then considered all arguments of counsel, Burgess's allocution, and all relevant section 3553(a) factors. See id. 12–25. The court sentenced Burgess to 258 months' imprisonment and a lifetime term of supervised release. See Sentencing Tr. 21–27; [D.E. 54]. The sentence was within the advisory guideline range. See Sentencing Tr. 9.

2

Burgess appealed. See [D.E. 56]. On appeal, Burgess's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Burgess filed a pro se supplemental brief. On April 1, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Burgess's conviction and sentence. See United States v. Burgess, 519 F. App'x 790, 791–92 (4th Cir. 2013) (per curiam) (unpublished).

On July 9, 2013, Burgess filed his section 2255 motion [D.E. 81]. Burgess makes two claims. First, Burgess contends that his counsel was constitutionally ineffective for failing to "bring to the court's attention the various criticisms of the applicable sentencing guidelines" under U.S.S.G. § 2G2.2. [D.E. 81] 14. Second, Burgess contends that his counsel was constitutionally ineffective for failing "to provide the court with material information detailing the extent of [Burgess's] substantial assistance." [D.E. 81] 15.

In analyzing a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the alleged facts. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in

3

light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a

4

"reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective assistance of counsel claim in a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Burgess contends that counsel was ineffective for failing "to bring to the court's attention the various criticisms of the applicable sentencing guidelines" under U.S.S.G. § 2G2.2. See [D.E. 81] 14. The record and governing precedent, however, defeat this claim. Here, the court "properly calculated" Burgess's advisory guideline range. See Burgess, 519 F. App'x at 791. Furthermore, both the court and counsel were aware that the guidelines were advisory. See Sentencing Tr. 3–4, 9; United States v. Pauley, 511 F.3d 468, 471–76 (4th Cir. 2007). Likewise, the court and counsel were aware that the Fourth Circuit described the Guidelines in child-sex offenses (such as Burgess's offense of conviction) as follows:

> We are mindful of Congress' view, expressed in the PROTECT Act, regarding prosecuting and sentencing child kidnappers and sexual offenders. Although we must hold today that § 3552(b)(2) cannot constrain the discretion of a district court to impose a sentence outside the range recommended by the Sentencing Guidelines, we nevertheless believe that district courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that crimes such as [the defendant's] are serious offenses deserving serious sanctions.

United States v. Hecht, 470 F.3d 177, 182 (4th Cir. 2006) (quotation omitted). Moreover, the court and counsel were aware of the criticisms of U.S.S.G. § 2G2.2, the responses to those criticisms, the seriousness with which Congress views child pornography offenses, and the Fourth Circuit's observations on these issues. See United States v. Morace, 594 F.3d 340, 346–51 (4th Cir. 2010)

5

(vacating downward variance in child pornography case where district court ignored Hecht, congressional policy, and Commission policy statements). In light of Hecht and Morace, Burgess's counsel made a permissible tactical choice to focus on specific legal objections to enhancements under U.S.S.G. § 2G2.2(b)(4) and § 2G2.2(b)(5), instead of broad policy critique of U.S.S.G. § 2G2.2. Indeed, although the court overruled counsel's legal objections, counsel cogently argued the objections. See Sentencing Tr. 5–9. Burgess's counsel also cogently addressed the various enhancements as part of his argument for a variance. See id. 12–18. On this record, Burgess has failed to plausibly allege that counsel's performance was objectively unreasonable. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009) (the Sixth Amendment does not require counsel to assert every non-frivolous argument); Strickland, 466 U.S. at 687–90; Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C. 2014), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished).

Alternatively, Burgess has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 695–96, 699–700; United States v. Cronic, 466 U.S. 648, 658–67 (1984); United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); Guarascio, 996 F. Supp. 2d at 412. Even if counsel made the requested argument, Burgess would have received the same sentence. Thus, Burgess's first claim fails.

Next, Burgess contends that his counsel was ineffective for failing "to provide the court with material information detailing the extent of [Burgess's] substantial assistance." [D.E. 81] 15. Again, however, the record belies this claim. Before Burgess's sentencing hearing, the court received and reviewed the government's motion for substantial assistance under U.S.S.G. § 5K.1.1 and 18 U.S.S.C. § 3553(e). See [D.E. 51]. As mentioned, the government's motion under section 3553(e)

6

permitted the court to sentence Burgess below the 180-month mandatory minimum. See Sentencing Tr. 20. At sentencing, the government amplified at length on Burgess's substantial assistance in identifying the 12-year old victim in the 2008 image and in identifying the victim's mother who was complicit in that and other instances of exploiting the 12-year old victim. See Sentencing Tr. 10–12. Burgess's counsel also emphasized Burgess's substantial assistance. See id. 17. Furthermore, the court granted the government's motion under section 5K1.1 and section 3553(e). See id. 12. Ultimately, Burgess's claim amounts to nothing more than an attack on counsel's strategic choice in presenting the information about cooperation. As such, Burgess has not plausibly alleged deficient performance. See, e.g., Knowles, 556 U.S. at 123–28; Strickland, 466 U.S. at 687–90; Guarascio, 996 F. Supp. 2d at 412. Alternatively, Burgess has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 695–96, 699–700. Even if counsel had presented the cooperation information in the manner that Burgess now espouses, the court would have imposed the same sentence. Thus, the claim fails.

After reviewing the claims presented in Burgess's motion, the court determines that reasonable jurists would not find the court's treatment of any of Burgess's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 85], DISMISSES Burgess's section 2255 motion [D.E. 81], and DENIES a certificate of appealability. The clerk shall close the case.

7

permitted the court to sentence Burgess below the 180-month mandatory minimum. See Sentencing Tr. 20. At sentencing, the government amplified at length on Burgess's substantial assistance in identifying the 12-year old victim in the 2008 image and in identifying the victim's mother who was complicit in that and other instances of exploiting the 12-year old victim. See Sentencing Tr. 10–12. Burgess's counsel also emphasized Burgess's substantial assistance. See id. 17. Furthermore, the court granted the government's motion under section 5K1.1 and section 3553(e). See id. 12. Ultimately, Burgess's claim amounts to nothing more than an attack on counsel's strategic choice in presenting the information about cooperation. As such, Burgess has not plausibly alleged deficient performance. See, e.g., Knowles, 556 U.S. at 123–28; Strickland, 466 U.S. at 687–90; Guarascio, 996 F. Supp. 2d at 412. Alternatively, Burgess has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 695–96, 699–700. Even if counsel had presented the cooperation information in the manner that Burgess now espouses, the court would have imposed the same sentence. Thus, the claim fails.

After reviewing the claims presented in Burgess's motion, the court determines that reasonable jurists would not find the court's treatment of any of Burgess's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 85], DISMISSES Burgess's section 2255 motion [D.E. 81], and DENIES a certificate of appealability. The clerk shall close the case.

7

SO ORDERED. This 19 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge

8