IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-341-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BILLY CHARLES BURGESS, | ) | |
| | ) | |
| Defendant. | ) | |

On June 16, 2020, Billy Charles Burgess ("Burgess") moved pro se for compassionate release under 18 U.S.C. § 3582 due to COVID-19 and his current medical conditions [D.E. 99]. On July 12, 2020, Burgess through counsel filed a memorandum and medical records in support [D.E. 102, 103]. On July 23, 2020, the government responded in opposition [D.E. 105]. On October 13, 2020 Burgess replied [D.E. 106]. As explained below, the court denies Burgess's motion for release.

I.

On January 9, 2012, pursuant to a written plea agreement, Burgess pleaded guilty to receipt of child pornography. See [D.E. 41, 42]. On July 25, 2012, the court held Burgess's sentencing hearing. See [D.E. 53, 54]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 54]. The court calculated Burgess's advisory guideline range to be 210 to 262 months' imprisonment based on a total offense level 36 and a criminal history category II. See PSR [D.E. 48] ¶¶ 56–58. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Burgess to 258 months' imprisonment and a lifetime term of supervised release. See [D.E. 53, 54]; Sentencing Tr. [D.E. 76] 21–27. On August 1, 2012,

Burgess appealed [D.E. 56]. On April 1, 2013, the Fourth Circuit affirmed Burgess's conviction and sentence. See United States v. Burgess, 519 F. App'x 790 (4th Cir. 2013) (per curiam) (unpublished); [D.E. 78, 79].

On July 9, 2014, Burgess moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 81]. On January 19, 2015, the court dismissed Burgess's motion and denied a certificate of appealability. See [D.E. 91, 92]. On March 6, 2015, Burgess appealed [D.E. 93]. On July 27, 2015, the Fourth Circuit dismissed Burgess's appeal. See United States v. Burgess, 610 F. App'x 294 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 97].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. 5194, 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

2

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, No. 20-6821, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an

---

>   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C) Family Circumstances.—
>
>      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

The court assumes without deciding that Burgess has exhausted all administrative remedies, or alternatively that the warden received Burgess's compassionate release request and 30 days have elapsed from receipt. See 18 U.S.C. § 3582(c)(1)(A); cf. [D.E. 99] 1; [D.E. 102] 2.[2] As for the medical condition of the defendant policy statement, Burgess has not stated that he suffers from any medical condition diminishing his ability to provide self-care. As for the age of the defendant policy statement, Burgess is age 75, but is not experiencing a serious deterioration in physical or mental health because of the aging process and has not served at least 10 years or 75 percent of his term of imprisonment. Accordingly, releasing Burgess or reducing Burgess's sentence is not consistent with application notes 1(A)(ii) and (B). See U.S.S.G. § 1B1.13 cmt. n.1(A)(ii), (B).

As for the "other reasons" policy statement, Burgess is age 75 and the court assumes without deciding that COVID-19 plus his diabetes, chronic kidney disease, severe spinal stenosis, obesity,

---

[2] The United States Court of Appeals for the Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and the government must "properly invoke" the rule for this court to enforce it. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020). The government has not invoked the requirement. See [D.E. 105].

persistent dizziness and disorientation, skin carcinomas, and high blood pressure are extraordinary and compelling reasons under section 3582(c)(1)(A). However, the 18 U.S.C. § 3553(a) factors counsel against reducing Burgess's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Burgess engaged in serious criminal conduct in 2005, sending images of child pornography from North Carolina to Florida, and attempting to arrange travel from North Carolina to Florida so that a person could engage in unlawful sexual activity with a person who Burgess identified as his minor granddaughter. See PSR ¶ 8. A search of Burgess's residence uncovered 654 images of child erotica and 114 images of child pornography. See id. at ¶ 10. In April 2005, Burgess agreed to meet with agents to discuss the forensic findings. Id. at ¶ 11. During the meeting, Burgess admitted having child pornography at his residence and sending the email about his alleged granddaughter, but explained that what he said about his alleged granddaughter was untrue. Id. In September 2008, after agreeing to surrender to state authorities, Burgess fled to Nevada and became a fugitive. See id. at ¶¶ 11–12. Burgess lived under an assumed name until his capture in Las Vegas, Nevada on April 14, 2011. Id. at ¶ 12. After arresting Burgess in Las Vegas, authorities discovered that Burgess possessed additional images of child pornography, including an image of Burgess engaging in sexual conduct with a 12-year-old female. See id. at ¶ 12.

Burgess is a recidivist child sex offender who remains a danger to the public. Burgess reoffended in 2005 less than three years after serving a 30-month federal sentence for attempted enticement of a juvenile to engage in sexual acts and interstate transportation of child pornography. See id. at ¶¶ 9, 16. Burgess offended again while a fugitive. See id. at ¶ 12. Nonetheless, Burgess has taken some positive steps while incarcerated. See [D.E. 99] 4; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to

address COVID-19 and to treat Burgess, the section 3553(a) factors, Burgess's arguments, and the need to punish Burgess for his criminal behavior, to incapacitate Burgess, to promote respect for the law, to deter others, and to protect society, the court declines to grant Burgess's motion to be released. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Burgess's section 3582 motion [D.E. 99].

SO ORDERED. This 17 day of December 2020.

Dever
JAMES C. DEVER III
United States District Judge